UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>MARIA ESTER TABAK,<br><br>For an Order to Conduct Discovery for<br>Use in Foreign Proceedings | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/1/18<br><br>18mc221(PGG)<br><br>Case No. M-_____ |

## ORDER GRANTING APPLICATION FOR ASSISTANCE PURSUANT TO 28 U.S.C §1782

THIS CAUSE came before the Court upon the Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by Maria Ester Tabak ("Applicant"). The Court having considered the § 1782 Application and supporting materials and otherwise being fully advised in the premises, finds as follows:

A.  Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance.

B.  For purposes of the instant Application, the Court finds Applicant seeks documentary and testimonial evidence from JPMorgan Chase Bank N.A., and J.P. Morgan Securities LLC (collectively, "JPMorgan") and The Clearing House Payments Company L.L.C. (the "Clearing House"), which reside or are found in the Southern District of New York (JPMorgan together with the Clearing House, "Discovery Targets").

C.  The documentary and testimonial discovery sought through this Application is for use in a civil proceeding filed in April of 2014 to partition the marital assets of Applicant and her

former husband, Jose Angel Zoberman, which is pending before the 83rd Civil Court of the City of Buenos Aires, Argentina (the "Partition Proceeding").

D. Further, as claimant in the Partition Proceeding, Applicant is an interested person within the meaning of 28 U.S.C. § 1782.

E. The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Discovery Targets will not be a party to the proceedings in Argentina and are not expected to become a party thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the Argentine court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent Argentine proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the Discovery Targets that is the type normally produced by corporate entities or persons during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicant is authorized to issue and serve a subpoena on the Discovery Targets in substantially similar form to the forms attached to the Application. The Applicant is further authorized to issue and serve additional follow up subpoenas on the Discovery Targets as may be necessary to obtain the documentary and testimonial evidence for use in the Partition Proceeding.

4. The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 31st day of May, 2018.

*Paul S. Sandolphe*

UNITED STATES DISTRICT COURT JUDGE